## HARRIS & ROBERTS v. MORGAN.

1. **Verdict: EVIDENCE TO SUPPORT.** Where the evidence is conflicting, this court will not reverse a cause on the ground that the verdict is not sustained by the evidence.

*Appeal from Cass Circuit Court.*

FRIDAY, OCTOBER 19.

THIS is an action to recover damages for an alleged failure of the defendant to deliver 3,000 bushels of corn in compliance with a written contract. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Frank J. Macomber* and *Willard & Hopper*, for appellant.

*A. S. Churchill*, for appellee.

ROTHROOK, J.—The written contract in question is in these words:

"LEWIS, Iowa, 2—26, 1881.

"Received of B. P. Lewis the sum of twenty-five dollars in part payment of three thousand bushels of dry, sound, shelled corn, free from dirt and ice, in township of Cass, county of Cass, State of Iowa, which I have this day sold them for twenty-five cents per bushel, delivered in our bins at Lewis Station on the C., R. I. & P. Railroad, to be delivered in May or June, by giving me ten days' notice before delivering, and I hereby guarantee that there are no liens nor encumbrances of any name or nature on the above described corn.

"HENRY MORGAN."

The plaintiffs claim that they purchased the contract of Lewis, and thereby became entitled to receive the corn from the defendant. That after the contract was executed the time for delivery was extended to the month of August, 1881, and that defendant delivered three hundred and forty-seven

bushels of corn on said contract, and, notwithstanding plaintiffs gave defendant notice about August 15th to deliver the corn, he failed and refused to deliver any of it, except that above stated. It is alleged that at the time of the breach of the contract corn of the quality described in the contract was worth forty-five cents a bushel, and judgment was demanded for the difference between that amount and the contract price. The defendant admitted that he executed the written contract, but denied that the time for the delivery of the corn thereunder had ever been extended, or that any change had ever been made in the terms of the contract. He denied that he had delivered any corn under the contract, and averred that he was at all times during May and June ready to deliver the corn according to his agreement, but that neither plaintiffs nor Lewis notified the defendant to deliver the same until long after the expiration of the contract. The answer also contained a general denial of every allegation of the petition which was not admitted.

The court instructed the jury that under the contract, if the time of performance was not extended, the defendant had all of the months of May and June in which to deliver the corn, and that he was bound to deliver it, even if the plaintiffs failed to give the ten days' notice provided for in the contract, and that, if he failed to deliver it, and the market value of corn was more than the contract price on the last day of June, he was liable in damages for the difference. No complaint is made of the instructions. But it is claimed that the verdict was contrary to the instructions and contrary to the evidence. A material fact in controversy between the parties was whether the time for the delivery of the corn was extended. There is a conflict in the evidence on this question, and such a conflict as forbids us from interfering with the finding of the jury thereon. The evidence shows that on the last day of June corn was worth two cents a bushel more than the contract price. Plaintiffs claim that they paid the defendant on the contract the

sum of eighty-five dollars, in addition to the twenty-five dollars mentioned therein. The defendant denies the payment of the eighty-five dollars, and, under the evidence, the jury may fairly have found that the payment was not made. The plaintiffs concede that defendant delivered 347 bushels of corn to them, and claim that it was delivered under the contract. The defendant denies that he delivered it under the agreement, but claims that the transaction was a sale at the market price. The defendant has not been paid for this corn. If the time for the delivery of the corn was not extended, the plaintiffs are more than paid for all the damages to which they are entitled. They do not claim that the defendant has been paid for the corn he delivered. In this view of the case, the verdict was substantially a fair adjustment of the controversy between the parties. It is true, the delivery of part of the corn was not pleaded by the defendant as a counter-claim, but the plaintiffs admitted that it was received by them, and they claim that they received it on the contract. If it was so delivered, or in any event, they should not be allowed to retain it without accounting for it to the defendant. We think that substantial justice has been administered to the parties, and that there is no prejudicial error in the record.

AFFIRMED.